IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEVEN KING,<br>    Plaintiff,<br><br>v.<br><br>J. HEID, *et al.*,<br>    Defendants. | Case No. 1:25-cv-01509-JEH |

**Merit Review Order**

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Illinois River Correctional Center ("Illinois River"). (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II**

Plaintiff files suit against Sergeant Ballard, Nurse Cody, and Correctional Officers J. Heid, Smith, and Markley. Plaintiff alleges he slipped and fell in the

shower at Illinois River and injured his back on April 10, 2025. Plaintiff immediately notified Defendant Correctional Officer Heid, who advised him to fill out a medical request slip.

On April 11, 2025, when Plaintiff was at work in the Dietary, he notified Defendant Correctional Officer Smith about his injury and pain. Defendant Smith called the Healthcare Unit ("HCU") and was advised that Plaintiff should fill out a request slip. Defendant Smith informed the HCU that Plaintiff already did. Plaintiff alleges he continued working despite the pain.

Later that day, Plaintiff complained to Defendant Heid, who allegedly told Plaintiff he would get help for him. When Plaintiff saw Defendant Heid again that day, Defendant told Plaintiff that he had not called for help because the HCU would have simply said to fill out a request slip. Plaintiff alleges he filled out another request slip, but Defendant Heid put it in the wrong box. Plaintiff alleges he could not sleep that night because of the pain.

At approximately 3:45 a.m. on April 12, 2025, Plaintiff's cellmate helped him get out of bed to go to work in the Dietary because he could not move. Plaintiff informed Defendant Sergeant Ballard about his injury and pain. Defendant called the HCU and was informed no doctors would be available until 7:00 a.m.

At approximately 8:00 a.m., Plaintiff encountered Defendant Nurse Cody in the dayroom during medication pass and informed him about his injury and pain. Defendant Cody told Plaintiff he could not provide assistance at that time and advised him to fill out a request slip. Plaintiff informed Defendant Cody he had filled out multiple request slips to no avail.

Plaintiff alleges he also complained to Defendant Correctional Officer Markley, who told Plaintiff he would call the HCU but never did because he forgot.

Later that day, Plaintiff alleges he accidentally dropped his I.D. on the floor. When Plaintiff tried to pick it up, a pain shot through his body, he fell to the ground, and could not move. Defendant Nurse Cody responded to assist Plaintiff. Plaintiff was placed on a stretcher and taken to the HCU where he received a shot in his back. Plaintiff was released from the infirmary the next day but was still in pain. Plaintiff alleges he received a muscle relaxer but was not given pain medication.

### III

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

Plaintiff alleges he informed Defendants Sergeant Ballard and Correctional Officers Heid, Smith, and Markley about his back injury and pain, but they

advised him to fill out a medical request slip. Although Plaintiff alleges Defendant Heid placed his request slip in the wrong box, Plaintiff does not allege that he did so intentionally. Defendants Smith and Ballard also called the HCU, which advised Plaintiff to submit a request slip.

When Plaintiff informed Defendant Nurse Cody he was experiencing back pain, Defendant Cody was doing medication pass and told Plaintiff he could not provide assistance at that time. There was no indication that Plaintiff required immediate medical attention. When Plaintiff fell later that day while attempting to pick up his I.D., Defendant Cody responded and helped transport Plaintiff to the HCU where he received medical care.

Plaintiff fails to allege that Defendants acted with a "sufficiently culpable state of mind" when they advised him to submit a medical request slip regarding his back pain instead of summoning immediate medical attention. *See Farmer*, 511 U.S. at 834. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case

will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2) The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.

*It is so ordered.*

Entered: March 5, 2026

<u>s/Jonathan E. Hawley</u>
U.S. District Judge