E-FILED
Thursday, 11 June, 2026  12:31:26 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

STEVEN KING,
     Plaintiff,

v.

J. HEID, *et al.*,
     Defendants.

Case No. 1:25-cv-01509-JEH

### Merit Review Order

Plaintiff, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Illinois River Correctional Center ("Illinois River"). (Doc. 12). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II**

Plaintiff files suit against Correctional Officers J. Heid, Smith, and Markley, Sergeant Ballard, and Nurse Cody. Plaintiff alleges he slipped and fell in the

shower at Illinois River and injured his back on April 10, 2025. Plaintiff notified Defendant Correctional Officer Heid, who saw Plaintiff lying on the ground. Plaintiff alleges Defendant Heid did not help him get immediate medical attention and instead advised him to fill out a medical request slip.

When Plaintiff worked in Dietary on April 11, 2025, he notified Defendant Correctional Officer Smith about his injury and pain. Defendant Smith called the Healthcare Unit ("HCU") and was advised that Plaintiff should fill out a request slip. Defendant Smith informed the HCU that Plaintiff already did. Plaintiff alleges he continued working despite the pain.

Later that day, Plaintiff complained to Defendant Heid, who allegedly told Plaintiff he would get help for him. When Plaintiff saw Defendant Heid again that day, Defendant Heid told Plaintiff that he had not called for help because the HCU would have simply said to fill out a request slip. Plaintiff alleges he filled out another request slip, but Defendant Heid put it in the wrong box. Plaintiff alleges he could not sleep that night because of the pain.

At approximately 3:45 a.m. on April 12, 2025, Plaintiff's cellmate helped him get out of bed to go to work in the Dietary because he could not move. Plaintiff informed Defendant Sergeant Ballard about his injury and pain. Defendant Ballard called the HCU and was informed no doctors would be available until 7:00 a.m.

At approximately 8:00 a.m. on April 12, 2025, Plaintiff encountered Defendant Nurse Cody in the dayroom during medication pass and informed him about his injury and pain. Defendant Cody told Plaintiff he could not help at that time and advised him to fill out a request slip. Plaintiff informed Defendant Cody he had filled out multiple request slips to no avail.

Later that day, Plaintiff alleges he complained to Defendant Correctional Officer Markley, who told Plaintiff he would call the HCU but never did because he forgot.

During meal time later that day, Plaintiff alleges he accidentally dropped his I.D. on the floor. When Plaintiff tried to pick it up, a pain shot through his body. Plaintiff fell to the ground and could not move. Defendant Nurse Cody responded to assist Plaintiff. Plaintiff was placed on a stretcher and taken to the HCU where he received a shot in his back. Plaintiff alleges he remained in the HCU overnight and was released the next day, but he was still in pain.

### III

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id.* An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

Plaintiff alleges Defendant Heid was present when he fell in the shower and injured his back on April 10, 2025, but did not help Plaintiff get immediate medical attention. Defendant Heid told Plaintiff to submit a medical request slip. On April

3

11, 2025, Plaintiff complained to Defendant Heid, who told Plaintiff he would get medical help for him. When Plaintiff saw Defendant Heid later that day, Defendant Heid allegedly told Plaintiff he decided not to call the HCU because the HCU would have simply said to fill out a request slip. Plaintiff alleges he filled out another request slip, but Defendant Heid put it in the wrong box. The Court finds Plaintiff has stated a plausible Eighth Amendment claim against Defendant Heid based on his alleged deliberate indifference to Plaintiff's back injury and pain.

Plaintiff alleges Defendants Correctional Officer Smith and Sergeant Ballard called the HCU, which advised Plaintiff to submit a request slip. Plaintiff alleges Defendant Correctional Officer Markley told him he would call the HCU on April 12, 2025, but he forgot. Plaintiff's threadbare allegations against Defendants Smith, Ballard, and Markley are insufficient to proceed on an Eighth Amendment claim. Defendants Smith, Ballard, and Markley are dismissed without prejudice.

Plaintiff alleges he complained to Defendant Nurse Cody while he was conducting medication pass in the dayroom on April 12, 2025. Defendant Cody advised Plaintiff he could not help him at that time and told Plaintiff to fill out a request slip. Plaintiff told Defendant Cody he had submitted multiple request slips to no avail. Later that day, Plaintiff fell while attempting to pick up his I.D. Defendant Cody responded to the incident. Plaintiff was taken to the HCU on a stretcher and given a shot in his back. Plaintiff was released from the HCU the next day, but he was still in pain. Plaintiff does not allege that Defendant Cody was responsible for releasing Plaintiff, knew he was in pain when he was released, or refused to provide pain medication. Plaintiff's allegations against Defendant Cody are insufficient to proceed on an Eighth Amendment claim. Defendant Cody is dismissed without prejudice.

4

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on an Eighth Amendment claim against Defendant J. Heid based on his alleged deliberate indifference to Plaintiff's back injury and pain on April 10-11, 2025. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants Smith, Cody, Markley, and Ballard are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE Defendants Smith, Cody, Markley, and Ballard.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In

general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6)      If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7)      This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

6

8)    Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

9)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10)   Plaintiff shall be provided with a copy of all pertinent medical records upon request.

11)   Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12)   The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: June 11, 2026

s/Jonathan E. Hawley
U.S. District Judge

7